# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SARAH DAMNJANOVIC
*guardian and next friend of minor* B.F.,

    *Plaintiff,*

vs.

SAINT FRANCIS MINISTRIES, INC., et al.,

    *Defendants.*

Case No. 19-1104-EFM

**MEMORANDUM AND ORDER**

Before the Court is Defendant Kansas Department for Children and Families' ("KDCF") Motion to Dismiss (Doc. 11) for lack of subject matter jurisdiction. Damnjanovic sued Saint Francis Ministries, Inc. ("St. Francis"), Sherry Starr, and the KDCF under federal diversity jurisdiction for negligence, breach of fiduciary duty, and negligent supervision. For the following reasons, the Court grants KDCF's motion to dismiss.

### I.    Factual and Procedural Background[1]

Damnjanovic's adopted son, B.F., suffered severe burns while under the care of Sherry Starr, a foster parent employed by St. Francis. KDCF obtained custody of B.F. in October 2014,

---

[1] The facts are taken from Damnjanovic's complaint and are considered true for the purposes of this motion.

after which he spent time in several temporary care arrangements. In April 2015, Starr applied for licensure to be a foster parent. DCF granted her a temporary license on June 4. In a subsequent survey of Starr's home, a social worker noted "several areas of noncompliance." She nonetheless recommended that "when the changes and correction are made, this home [should] be licensed to care for two children, ages 0 to 5." St. Francis thereafter approved Starr's application and issued her a license on August 10, 2015.

On July 2, 2015, St. Francis—acting on behalf of KDCF—placed B.F. in Starr's foster care. Later that year, Starr placed B.F. in a bathtub and B.F. was severely scalded by hot water. He sustained severe burns on his face, chest, abdomen, back, and legs, covering more than half of his body. Starr did not immediately seek medical treatment for B.F. At approximately 1:00 a.m. the following day, Starr took B.F. to the emergency room. B.F. was later transferred to the burn unit, where he spent several weeks recovering from his injuries. During that time, medical providers noted that his injuries were consistent with child abuse or neglect.

Wichita police and KDCF both investigated Starr's actions relating to B.F.'s injuries. Although Starr was not criminally prosecuted, KDCF concluded that she violated numerous statutes and regulations governing the care of foster children and revoked her foster care license.

On April 30, 2019, Damnjanovic brought this suit against Starr, St. Francis, and KDCF under federal diversity jurisdiction alleging negligence, breach of fiduciary duty, and negligent supervision. KDCF now moves to dismiss the case, arguing the Court lacks subject matter jurisdiction.

## II. Legal Standard

Federal courts are courts of limited jurisdiction.[2] A presumption exists against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[3] "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.' "[4] If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the district court must accept all factual allegations as true.[5]

## III. Analysis

Damnjanovic contends that the Court has subject matter jurisdiction because KDCF waived its immunity under the Kansas Tort Claims Act ("KTCA").[6] Conversely, KDCF argues that the Court lacks subject matter jurisdiction over the case because the Eleventh Amendment grants KDCF immunity from suit. Damnjanovic has the burden to prove that the Court can exercise subject matter jurisdiction over the case as it pertains to KDCF.

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state."[7] While the KTCA waives Kansas state

---

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[3] *Id.*

[4] *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003)).

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[6] K.S.A. § 75-6101, *et seq.*

[7] *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (internal citation omitted).

immunity under some situations, it has not waived the state's Eleventh Amendment immunity from suit in federal court.[8] Furthermore, this immunity does not only apply to equitable relief, as federal courts are jurisdictionally barred from hearing claims for monetary relief against Kansas, its departments, or agencies.[9] There are three exceptions to this general rule of state immunity: (1) where the state has consented to suit; (2) where the application of *Ex parte Young* is appropriate; or (3) where Congress has abrogated the state's immunity.[10] In the present case, the parties agree that the second and third exceptions do not apply.

Damnjanovic argues that the first exception applies in this case because Kansas has conditionally waived its immunity under the KTCA. However, KDCF—which the parties do not dispute is an arm of the state of Kansas—asserts that it is entitled to Eleventh Amendment immunity, which the KTCA clearly protects by stating "[n]othing . . . in the [KTCA] shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States."[11] The Court agrees that nothing in the KTCA abridges the state's sovereign immunity under the Eleventh Amendment.[12]

---

[8] K.S.A. § 75–6116(g) ("Nothing in this section or in the Kansas tort claims act shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States.").

[9] *Jones v. Courtney*, 466 F. App'x 696, 701 (10th Cir. 2012) (internal citation omitted).

[10] *Schall v. Wichita State Univ.*, 269 Kan. 456, 7 P.3d 1144, 1154 (2000).

[11] K.S.A. § 75–6116(g).

[12] *See Jones*, 466 F. App'x at 700 ("[T]he KTCA is not a waiver of Eleventh Amendment immunity."); *see also Fox v. Wichita State Univ.,* 489 F. Supp. 2d 1216, 1233 (D. Kan. 2007) ("[T]he Kansas Legislature, by enacting the Kansas Tort Claims Act, has not waived the state's Eleventh Amendment immunity from suit in federal court."); *Klein v. Univ. of Kan. Med. Ctr.*, 975 F. Supp. 1408, 1416 (D. Kan. 1997) (same); *Ndefru v. Kan. State Univ.*, 814 F. Supp. 54, 55–56 (D. Kan. 1993) (same); *Billings v. Wichita State Univ.*, 557 F. Supp. 1348, 1351 (D. Kan. 1983).

The Court concludes that the Eleventh Amendment grants KDCF immunity from this lawsuit. Damnjanovic has failed to carry her burden to prove that the Court has jurisdiction over the case as it pertains to KDCF. Whether KDCF is liable under the KTCA for Damnjanovic's allegations is a matter the Kansas state courts—rather than the federal courts—can decide. As a result, the Court lacks subject matter jurisdiction over this case as it pertains to KDCF.

**IT IS THEREFORE ORDERED** that Defendant Kansas Department for Children and Families' Motion to Dismiss (Doc. 11) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 19th day of September, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE